**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**JESSICA BOZEMAN,**

**Plaintiff,**

**vs.** **Case No. 4:26cv318-RH-MAF**

**CITY OF TALLAHASSEE, et al.,**

**Defendants.**
**_______________________________/**

# REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this case on July 2, 2026. This is Plaintiff's second case this year; both cases concern the loss of Plaintiff's dogs which were confiscated by the City and taken to the Tallahassee-Leon County Animal Services Center.

At case initiation, Plaintiff filed a complaint, ECF No. 1, in forma pauperis motion, ECF No. 2, and an emergency motion for temporary restraining order and preliminary injunction, ECF No. 3. Plaintiff's in forma pauperis motion was granted, ECF No. 7, but Plaintiff was required to file an amended complaint because her initial complaint was insufficient.

Plaintiff then filed a renewed emergency motion for temporary restraining order and preliminary injunction, ECF No. 8, an amended complaint, ECF No. 12, and several other documents. ECF Nos. 9-11, and 13. Again, Plaintiff's amended complaint was insufficient and she was required to file a second amended complaint. ECF No. 14. Ultimately, her second amended complaint, ECF No. 17, was filed on August 20, 2026. Finding it sufficient to alert Defendants to the nature and basis for her claims, Plaintiff was permitted to serve the second amended complaint on the named Defendants. ECF No. 18.

This Report and Recommendation now addresses the two pending "emergency" motions for temporary restraining order and preliminary injunction. ECF Nos. 3 and 8. Plaintiff requests this Court enter an injunction to prohibit the City of Tallahassee "from adopting, transferring, euthanizing, surgically altering, relocating, or otherwise permanently disposing of the three surviving animals at the center of this action . . . ." ECF No. 8 at 2; ECF No. 3 at 1. Plaintiff contends that she only intends "to preserve the status quo." *Id.*

**Background Information**

In Plaintiff's prior case (case number 4:26cv216-RH-MAF), it was established that the City of Tallahassee brought an action in state court against Plaintiff Jessica Bozeman, seeking custody of her four dogs and prohibiting Ms. Bozeman "from possessing or having custody of domestic animals." *See City of Tallahassee v Jessica Bozeman,* 2026 CC 000429. ECF No. 4 at 4 of that case; *see also* ECF No. 12 at 2. Judgment was entered in favor of the City and against Ms. Bozeman on February 27, 2026. ECF No. 1 at 3 of that case. Pursuant to that "Final Judgment," custody of the four dogs was transferred to the City of Tallahassee and Ms. Bozeman was to "have no further custody of the three (3) remaining dogs."[1] ECF No. 4 at 7 of that case. Ms. Bozeman filed an appeal to the First District Court of Appeal and she advises in the instant motions that her appeal is still pending as the appellate court has not issued a ruling on any of the "six pending filings" in that case. ECF No. 8 at 4.

As she did in the prior case, Ms. Bozeman seeks an Order from this Court to prevent the City from placing the dogs up for adoption, relocating,

---

[1] One dog, Shianne, has already been euthanized. ECF No. 1 at 1. The other three dogs have been "temporarily placed . . . in administrative hold status." *Id.* at 4.

or otherwise disposing of the dogs. ECF No. 8 at 2. She notes that this is "a renewed motion." *Id.*

**Analysis**

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)). As Plaintiff acknowledges, *see* ECF No. 8 at 8, preliminary injunctive relief may be granted only if the moving party establishes:

> (1) a substantial likelihood of success on the merits;
>
> (2) a substantial threat of irreparable injury unless the injunction issues;
>
> (3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and
>
> (4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson-Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the

movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson Cnty., 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)).

Initially, Plaintiff's motions are insufficient because she has not shown a substantial likelihood of success. First, Plaintiff's initial complaint and first amended complaint were found insufficient to properly state a claim and Plaintiff was required to submit a second amended complaint. Thus, the complaints which were filed simultaneously with Plaintiff's motions could not present a likelihood of success.

Second, as Plaintiff has acknowledged, *see* ECF No. 8 at 2, her prior motion for injunctive relief in the earlier case was denied. That fact by itself suggests that these renewed motions - filed in a second case - also lack a substantial likelihood of success. Plaintiff is no longer the owner of the dogs as her ownership was terminated by a state court order. Plaintiff has not provided a legal basis or pointed to any controlling authority for the proposition that a former pet owner has a legal right to control the City's actions concerning animals which have been transferred into the City's custody and control. Plaintiff's ownership of the animals has been

terminated and, therefore, Plaintiff lacks the legal authority to control what the City does with animals in its care.

Third, the circumstances have changed since Plaintiff filed her motions. The second amended complaint alleged that two of Plaintiff's four dogs were euthanized, the two remaining dogs were "surgically altered," and those two dogs are "now living with adopters." ECF No. 17 at 2. The relief Plaintiff requests in the two pending motions is moot. Therefore, the two motions should be denied because Plaintiff has not demonstrated a substantial likelihood of success on the merits.

Fourth, the motions for injunctive relief should also be denied because Plaintiff has not demonstrated irreparable injury. "Irreparable injury 'is the *sine qua non* of injunctive relief.'" Siegel, 234 F.3d at 1176 (quoted in Jernard v. Commissioner, Ga. Dep't of Corrs., 457 F.App'x 837, 839 (11th Cir. 2012)). "An injury is 'irreparable' only if it cannot be undone through monetary remedies." Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990). "The key word in this consideration is *irreparable* . . . . The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily

against a claim of irreparable harm." Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am., 896 F.2d at 1285 (quoting Sampson v. Murray, 415 U.S. 61, 90, 94 S.Ct. 937, 953, 39 L.Ed.2d 166 (1974)). Here, Plaintiff's second amended complaint seeks compensatory damages, nominal damages, punitive damages, as well as injunctive and declaratory relief. ECF No. 17 at 23-24. Because Plaintiff requests monetary damages as relief should she be successful in this case, Plaintiff has demonstrated that she has an adequate remedy at law should she prevail. The unavailability of an adequate remedy at law is a prerequisite to a finding of irreparable injury. Jefferson Cnty., 720 F.2d at 1520 (finding "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm").

For all the foregoing reasons, Plaintiff has not demonstrated entitlement to a preliminary injunction or restraining order. Her motions should be denied.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's emergency motion for temporary restraining order and preliminary injunction, ECF No. 3, and

her renewed emergency motion for temporary restraining order and preliminary injunction, ECF No. 8, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on August 25, 2026.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**